UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELIE PATTERSON,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY[1], Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:23-cv-00749-EPG<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT; ORDER<br><br>(ECF No. 28) |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of SIX THOUSAND FIVE HUNDRED THIRTY DOLLARS AND 78/100 ($6,530.78) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of ZERO dollars ($0.00) under 28 U.S.C. §1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered and made payable to Plaintiff's counsel, Jonathan O. Peña.  Additionally, any payment of costs under 28 U.S.C. §1920 may be made either by electronic fund transfer (ETF) or by check.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Counsel including Counsel's firm may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Counsel and/or Counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: May 7, 2024         /s/ *Jonathan O. Peña*
                           JONATHAN O. PEÑA
                           Attorney for Plaintiff

Dated: May 7, 2024         PHILLIP A. TALBERT
                           United States Attorney
                           MATHEW W. PILE
                           Associate General Counsel

Office of Program Litigation
Social Security Administration

By: _*_ *Rami Vanegas*
Rami Vanegas
Special Assistant U.S. Attorney
Attorneys for Defendant
(*Permission to use electronic signature obtained via email on May 7, 2024).

**ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees and Expenses (ECF No. 28), IT IS ORDERED that fees and expenses in the amount of SIX THOUSAND FIVE HUNDRED THIRTY DOLLARS AND 78/100 ($6,530.78) as authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) and costs in the amount of ZERO dollars ($0.00) under 28 U.S.C. § 1920, be awarded subject to the terms of the Stipulation. And in light of the parties' stipulation, the Clerk of Court is directed to terminate Plaintiff's motion for attorney fees as no longer pending. (ECF No. 25).

IT IS SO ORDERED.

Dated: __May 8, 2024__                                 /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE